NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| KEVIN TAYLOR AND ZACHARY TAYLOR, | Civil Action No. 10-2286 (SRC) |
| Plaintiffs, | **OPINION** |
| v. | |
| UNITED STATES ATTORNEY'S OFFICE, et al., | |
| Defendants. | |

**CHESLER**, District Judge

Defendants U.S. Attorney's Office ("USAO"), U.S. Department of Justice ("USDOJ") and the Federal Bureau of Investigation ("FBI") (collectively, "Defendants") have moved to dismiss the Complaint [docket entry no. 1] filed on May 6, 2010 by Plaintiffs, Kevin and Zachary Taylor ("Plaintiffs"). Defendants seek dismissal of this action for lack of subject matter jurisdiction. The Court has considered the papers filed by the parties and rules on the written submissions and without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant the motion to dismiss [docket entry no. 5].

## I.  BACKGROUND

This action arises out of an incident that allegedly took place May 8, 2008. That morning federal and/or state agents[1] entered Plaintiffs' home and detained Plaintiffs for questioning.

---

[1] The identity of the agents remains unknown.

Plaintiffs were restrained for over an hour before law enforcement officials realized that they were not the intended suspect. Plaintiffs allege that officials made derogatory remarks and used unnecessary force during the interrogation.

As a result of this incident, Plaintiffs sent a letter to then U.S. Attorney Christopher Christie. The letter was dated June 4, 2008 and requested that Mr. Christie put Plaintiffs in contact with whomever would be handling the matter. This letter was forwarded to the FBI and on August 13, 2008 Plaintiffs submitted a claim for damages to the FBI. This claim was denied by the FBI in a letter dated June 3, 2009. Plaintiffs filed the instant complaint May 6, 2010.

## II.  DISCUSSION

Defendants move to dismiss the complaint based on lack of jurisdiction or in the alternative for failure to state a claim. This motion to dismiss for lack of subject matter jurisdiction is governed by Federal Rule of Civil Procedure 12(b)(1). Defendants do not challenge subject matter jurisdiction based on the face of the pleading, rather they challenge the existence of subject matter jurisdiction in fact, based on failure to comply with the procedural requirements of the Federal Tort Claims Act. *See, e.g., Mortensen v. First Fed. Sav. & Loan Assoc.*, 549 F.2d 884, 891 (3d Cir. 1977) (drawing distinction between facial and factual attack on subject matter jurisdiction under Rule 12(b)(1)). In considering a factual Rule 12(b)(1) motion, the Court "can look beyond the pleadings to decide factual matters related to jurisdiction." *Cestonaro v. United States*, 211 F.3d 749, 752 (3d Cir. 2002). The plaintiff bears the burden of persuasion to show subject matter jurisdiction exists when it is challenged under Rule 12(b)(1). *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir.1991).

Generally, claims against the United States and its agencies are barred by the doctrine of sovereign immunity unless the United States has unequivocally expressed consent to be sued. *United States v. White Mountain Apache Tribe*, 537 U.S. 465, 472 (2003). The extent of the United States' waiver of sovereign immunity pursuant to a tort claim is governed by the Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346, 2671-80, *White-Squire v. U.S. Postal Service*, 592 F.3d 453, 456-57 (3d Cir. 2010). Because the various procedural requirements "are among the terms defining the United States's consent to be sued, they are jurisdictional" and cannot be waived. *White-Squire*, 592 F.3d at 457. A failure to comply strictly with the FTCA's procedural requirements results in a lack of jurisdiction. *Roma v. United States*, 344 F.3d 352, 362-363 (3d Cir. 2003).

Before filing a complaint in federal court pursuant to the FTCA, a plaintiff must first "give [] the agency written notice of his or her claim sufficient to enable the agency to investigate." *Id.* at 362. A proper claim must be for money damages in a sum certain. 28 C.F.R. § 14.2(a); *Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995). Where such a claim is denied, the potential plaintiff must file the action in district court within six months of notice by certified or registered mail of a final denial of the claim by the agency. 28 U.S.C. § 2401(b); *Fields v. United States*, Civ. No. 09-2725 (RMB), 2010 WL 715720, at *4 (Feb. 24, 2010).[2]

Plaintiffs' FTCA claims fail to comply with the aforementioned procedural requirements. Plaintiffs' claim against the FBI is time-barred. This claim was denied in writing on June 3, 2009, and Plaintiffs instituted this proceeding on May 6, 2010 – more than six months later. As

---

[2]The FTCA precludes suit against a Federal agency, as opposed to the United States. *Morano v. U.S. Naval Hosp.*, 437 F.2d 1009, 1010 n.1 (3d Cir. 1971). Nonetheless, the Court will analyze the remaining deficiencies in the FTCA claims.

to the claim against the U.S. Attorney's Office, Plaintiffs did not submit "a claim sufficient to enable the agency to investigate." *Roma,* 344 F.3d at 362. The fact that the USAO forwarded the "notice" to the FBI indicates that there was not sufficient information to make clear that the claim was against the USAO, let alone for the USAO to properly investigate. At a minimum, it is not even alleged that the "claim" provided to the USAO contained a sum certain. This defect alone is sufficient to deny this Court jurisdiction over the claim. Because these claims failed to comply with the procedural requirements of the FTCA, the Court lacks jurisdiction and they are dismissed with prejudice.[3]

As to Plaintiffs' constitutional claims, they are similarly barred under the doctrine of sovereign immunity. Constitutional claims are not properly brought against the United States nor its agencies. *Dambach v. U.S.*, 211 F. App'x 105, 107 (3d Cir. 2006). Therefore the constitutional claims are dismissed with prejudice.

### III.   CONCLUSION

Plaintiff's claims are not viable, and Defendants' motion to dismiss will be granted. The dismissal of Plaintiffs' claims will, moreover, be with prejudice. The court need not dismiss without prejudice and with leave to amend if amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 110 (3d

---

[3]Plaintiffs continue to assert claims against John and Jane Does 1-10. However, because Plaintiffs have failed to identify these individuals the Court will dismiss these claims without prejudice. *See e.g., Hill v. Algor*, 85 F. Supp. 2d 391, 396 n.3 (D.N.J. 2000). The Court notes that an individual acting under color of *federal* law is not subject to a Section 1983 claim. *Brown v. Philip Morris, Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). Rather, as to federal agents acting in their official capacity, a plaintiff must pursue a *Bivens* claim. *Bivens v. Six Unkown Named Agents*, 403 U.S. 388 (1971).

Cir.2002). The deficiencies identified in the Court's discussion above could not be cured by amendment, and thus dismissal with prejudice is appropriate. An appropriate form of Order will accompany this Opinion.

                                         s/ Stanley R. Chesler
                                        Stanley R. Chesler, U.S.D.J

DATED: November 9, 2010